[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on September 7, 1985 in Danbury, Connecticut. They have one minor child born issue of the marriage on December 2, 1987. The court found the jurisdictional facts after hearing the plaintiff, and dissolved the marriage on the grounds of irretrievable breakdown at the close of evidence.
Both parties are in their early thirties and have attained their GED. The defendant is in good physical health but has problems with substance abuse primarily alcohol. His drinking, physical and emotional abuse of plaintiff, as well as his denial of his substance abuse, caused the breakdown of this marriage. While normally one could expect plaintiff to recover her equilibrium post-judgment, her medical condition makes this difficult. In January of 1991 she was diagnosed with multiple sclerosis and fibrositis. She is unable to work outside the home. The plaintiff testified that the defendant did net believe that she required doctors' visits as a result of her diagnosis and persisted in his abusive treatment of her. The level of stress in her life was contrary to her medical needs. While she is able to care for the child and their home, her ability to earn is minimal.
The testimony revealed that the defendant presents a danger to the minor child if he does not acknowledge and treat his alcoholism. His CT Page 6610-R ability to be a nurturing and responsible parent to their daughter will only occur when he is sober. The incidents of abuse to which plaintiff testified, when the child was physically present and observing the behavior leads the court to the conclusion that plaintiff should be the sole custodial parent at this time. The court orders that defendant have supervised visitation and that he engage in a course of treatment to explore the impact of violence on his child, as well as the impact of alcohol on his ability to have a good relationship with her. The defendant is ordered to remain within the State of Connecticut with the child. The defendant is permanently restrained from threatening, harrassing, assaulting either plaintiff or the minor child, and may go to the dwelling occupied by them only to pick up or drop off the child for visitation with the person supervising that visitation. The defendant may not consume alcohol before or during visitation and may not use other illegal substances during those visits.
The defendant received a property settlement from a negligence action during the course of the marriage which settlement was used for his own purposes. In making its financial awards, the court took into account the plaintiff's equitable share, and believes that equitable share to be awarded in the payment of marital debt, medical insurance, and attorney's fees.
In light of the evidence and in utilizing the statutory criteria, the court makes the following orders:
1. A dissolution of marriage.
2. The defendant shall pay child support in the amount of One Hundred Eighty-Seven ($187.00) Dollars per week until the child attains her majority, by way of an immediate wage garnishment.
3. The defendant shall pay alimony from the date of dissolution in the amount of Two Hundred Nine ($209.00) Dollars per week by way of an immediate wage garnishment.
4. The defendant shall pay the State of Connecticut Ten ($10.00) Dollars per week toward an arrearage of Five Thousand Seven Hundred Ninety-Nine ($5,799.00) Dollars as of March 30, 1993.
5. The defendant shall provide health insurance for the plaintiff and his child and pay all unreimbursed medical, dental, orthodontic and psychological expenses.
6. The defendant shall pay the plaintiff's current dental bill CT Page 6610-S in the amount of Two Thousand ($2,000.00) Dollars.
7. The defendant shall provide term life insurance in the amount of One Hundred Thousand ($100,000.00) Dollars naming the plaintiff as trustee for the minor child until such time as Danielle attains her majority.
8. The defendant shall provide car insurance and a reliable motor vehicle for the plaintiff's use.
9. The plaintiff shall be held harmless from any. medical or other marital debt incurred during the course of the marriage.
10. The defendant shall return the following personal property within seven (7) days of the dissolution:
 A. The plaintiff's bedroom set from her parent's home including a tall dresser, a night stand and a bed.
 B. A kitchen set including a table and four (4) chairs (a gift from the plaintiff's mother).
C. One-half (1/2) of Danielle's baby pictures.
D. One of the two (2) air conditioners in his possession.
11. The defendant shall pay the plaintiff's outstanding attorney's fees in the amount of $2,270.75.
Judgment shall enter accordingly.
DRANGINIS, J.